# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| TIMOTHY RANKINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 22-2273-SHM-tmp |
| ) | |
| SHELBY COUNTY DIVISION OF ) | |
| CORRECTIONS, ET AL., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**ORDER DIRECTING THE CLERK TO CHANGE THE CAUSE ON THE DOCKET;
MODIFYING THE DOCKET;
DISMISSING THE COMPLAINT (ECF NO. 1) WITHOUT PREJUDICE;
GRANTING LEAVE TO AMEND;
AND DENYING PENDING MOTIONS (ECF NOS. 5 & 8)**

On May 2, 2022, Plaintiff Timothy Rankins filed a *pro se* complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Rankins was incarcerated at the Shelby County Correctional Center (the "SCCC") in Memphis, Tennessee when he filed the complaint. (ECF No. 1-2 at PageID 9.) On May 27, 2022, the Court granted leave to proceed *in forma pauperis* and assessed the civil filing fee pursuant to the Prison Litigation Reform Act, 28 U.S.C. §§ 1915, *et seq*. (the "PLRA"). (ECF No. 6 (the "IFP Order").)[1]

The complaint alleges a claim of denial of access to the courts. (ECF No. 1 at PageID 1-3.) Rankins sues: (1) the Shelby County Division of Corrections (the "SCDC"); (2) Director

---

[1] On June 27, 2022, the copy of the IFP Order that the Clerk of the Court had mailed to Rankins at the SCCC was returned as undeliverable. (ECF No. 7 (the "Returned Mail") (showing a handwritten note that says "released 6/14/22").) On August 26, 2022, Rankins filed a motion for injunctive relief, which shows Rankins's return address at the SCCC. (ECF No. 8; ECF No. 8-1 at PageID 34.) The record suggests, therefore, that on some date after the Clerk received the Returned Mail, Rankins returned to confinement at the SCCC.

Alexander; (3) Captain Walker; (4) Lieutenant Lowery; (5) G. Knowles; (6) Tara Ellis; and (7) Paula N. King (Defendants (2) – (7) are collectively referred to as the "Individual Defendants"). (*Id*. at PageID 1.) Rankins seeks: (1) twenty millions dollars ($20,000,000.00) from the SCDC; (2) five million dollars ($5,000,000.00) from Captain Walker; (3) five million dollars ($5,000,000.00) from Lieutenant Lowery; (4) thirty thousand dollars ($30,000.00) from G. Knowles; (5) five million dollars ($5,000,000.00) from King; and (6) five million dollars ($5,000,000.00) from Ellis. (*Id*. at PageID 2-3.)[2]

On May 27, 2022, Rankins filed a motion for an order demanding that the SCDC provide law library access to Rankins. (ECF No. 5 at PageID 20 (the "First Motion").)

On August 26, 2022, Rankins filed a motion for injunctive relief "to allow Rankins access to the law library, its printers, and tablets." (ECF No. 8 at PageID 33 (the "Second Motion").)

The Clerk is directed to: (1) change the cause on the docket sheet from "28:1331 Federal Question: Bivens Act" to "42: 1983"; and (2) modify the docket to add Shelby County, Tennessee as a Defendant.

The complaint (ECF No. 1), the First Motion (ECF No. 5), and the Second Motion (ECF No. 8) are before the Court.

For the reasons explained below: (1) the complaint (ECF No. 1) is DISMISSED WITHOUT PREJUDICE for failure to state a claim to relief; and (2) the First Motion and the Second Motion are DENIED.

I.      **LEGAL STANDARD**

---

[2] The complaint sues, *inter alia*, Tara Ellis and Paula N. King. (ECF No. 1 at PageID 1.) Rankins interchanges Ellis's and King's first names in the complaint's damages demand. (*See id*. at PageID 2-3 (alleging "Rankins request[s] that … Defendant Tara King pay damages in the sum of $5 million and Defendant Paula N. King pay damages in the sum of $5 million").) The plausible inference from the complaint is that Rankins seeks five million dollars ($5,000,000.00) each from Tara Ellis and Paula N. King.

The Court must screen prisoner complaints and dismiss any complaint, or any portion of it, if the complaint —

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint states a claim on which relief may be granted, the Court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Under those standards, the Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). The Court does not assume that conclusory allegations are true, because they are not "factual," and all legal conclusions in a complaint "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Federal Rule of Civil Procedure 8 provides guidance on this issue. Although Rule 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," it also requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

Courts screening cases accord more deference to *pro se* complaints than to those drafted by lawyers. "*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements"

3

and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

## II.     REQUIREMENTS TO STATE A CLAIM UNDER § 1983

Rankins sues under 42 U.S.C. § 1983. (ECF No. 1 at PageID 1.) To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States, and (2) that a defendant caused harm while acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

## III.    ANALYSIS

### A. Official Capacity Claims Against The Individual Defendants; Claim Against The SCDC; And Claim Against Shelby County

1. *The Individual Defendants*: The complaint does not allege whether Rankins sues the Individual Defendants in their official capacities or their individual capacities. "Absent a specification of capacity, it is presumed that a state official is sued in his official capacity." *Northcott v. Plunkett*, 42 F. App'x 795, 796 (6th Cir. 2002) (citing *Wells*, 891 F.2d at 593); *see also Lavon Moore v. Hiram Twp.*, 988 F.3d 353, 359 (6th Cir. 2021). The Court construes the complaint to allege claims under § 1983 against the Individual Defendants in their official capacities. Rankins's official capacity claims against the Individual Defendants are construed as claims against the Individual Defendants' employer, Shelby County.[3] *See Jones v. Union Cnty., Tennessee*, 296 F.3d 417, 421 (6th Cir. 2002) (citing *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994)).

---

[3] The plausible inference from the complaint is that the Individual Defendants are employees of Shelby County. Rankins alleges that the Individual Defendants denied law library access to Rankins at the SCCC. (*See* ECF No. 1 at PageID 1 (alleging that Walker and Lowery denied SCCC law library access to Rankins on December 19, 2021 and that King responded to Rankins's inmate grievance about law library denial); *id*. at PageID 2 (alleging that Ellis and Knowles responded to Rankins's grievances about denial of SCCC law library access); *see also* https://www.shelbycountytn.gov/directory.aspx?EID=1005 (last accessed Mar. 1, 2023) (listing Alexander as the Director of Shelby County Corrections).)

2. *The SCDC*:  The Court construes Rankins's claims against the SCDC as claims against Shelby County because governmental departments and divisions, such as the SCDC, are not suable entities.  *See generally Hafer v. Melo,* 502 U.S. 21 (1991).

3. *Shelby County*:  Shelby County may be held liable only if Rankins's alleged injuries were sustained pursuant to an unconstitutional custom or policy of Shelby County.  *See Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 691-92 (1978).  To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)).  "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible." *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986) (emphasis in original)).

Rankins does not allege facts describing any Shelby County policy or custom, much less an unconstitutional policy or custom of Shelby County pursuant to which the Individual Defendants acted to deprive Rankins of his constitutional rights.  Rankins alleges instead that he was denied access to the SCCC's law library because he was "in … a lock-down unit" (ECF No. 1 at PageID 1) and "on administrative segregation."  (*Id.* at PageID 2.)  Rankins's claims against (1) Shelby County, (2) the SCDC, and (3) the Individual Defendants in their official capacities are DISMISSED WITHOUT PREJUDICE for failure to state a claim to relief.

### B.  Claim Of Denial Of Access To The Courts

Even if the Court construes the complaint to allege individual capacity claims against the Individual Defendants, Rankins fails to state a claim to relief.

5

Rankins alleges that Walker and Lowery denied Rankins's request to use the SCCC law library on December 19, 2021 because Rankins was confined in "a lock-down unit." (ECF No. 1 at PageID 1.) Rankins filed a grievance on December 19, 2021 (the "First Grievance"). (*Id*.) King responded to the First Grievance on January 11, 2022. King's response said that the First Grievance lacked merit because Rankins had been transferred to a different unit. (*Id*.) Rankins filed another grievance on February 10, 2022 (the "Second Grievance") because he "still was not taken to the law library" after his housing transfer. (*Id*. at PageID 2.) Ellis responded to the Second Grievance. Ellis's response said that the Second Grievance lacked merit because Rankins is "on administrative segregation and ha[d] not informed staff that you need a[n] appointment with [the] law library." (*Id*.) Ellis allegedly told Rankins that he could have access only to "a mobile library … via appointment … for security reason[s]." (*Id*.) On March 31, 2022, Rankins submitted "a request to go to the law library or use the tablet." (*Id*.) Knowles told Rankins that "no decision[s] have been rendered at this time." (*Id*.) Rankins alleges that denial of his law library access continues. (*Id*. at PageID 1.)

The Court construes Rankins's allegations as a claim of denial of access to the courts (the "Courts Access Claim").

There is no freestanding constitutional right to a prison law library. *Simmons v. United States*, 974 F.3d 791, 795 (6th Cir. 2020). Rather, the United States Supreme Court has recognized a more general constitutional right of access to the courts. *Id*. That right "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Id*. (quoting *Bounds v. Smith*, 430 U.S. 817, 828 (1977)). The right extends to civil rights actions under 42 U.S.C. § 1983. *Lewis v. Casey*, 518 U.S. 343, 354 (1996). To have standing to pursue a First Amendment claim for denial of access to the courts, "a prisoner must show prison officials' conduct inflicted an 'actual injury,' *i.e.*, that the conduct hindered his efforts to pursue a

6

nonfrivolous legal claim." *Rodgers v. Hawley*, 14 F. App'x 403, 409 (6th Cir. 2001) (citation omitted); *see also Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc).

The complaint attaches a grievance to the SCDC dated February 10, 2020, in which Rankins said that he was "fighting a case in the United States District Court title[d] Timothy Rankins v. Phillips, et al. Case # 21-cv-2758. I am representing myself in this matter and have to do my own legal research." (ECF No. 1-1 at PageID 6.) On June 30, 2022, Rankins's complaint in Case No. 21-2758 was dismissed without prejudice for failure to state a claim to relief. (*Rankins v. Phillips*, W.D. Tenn., Case No. 21-2758, ECF No. 12.) Rankins alleges no facts in the instant case demonstrating that the legal claims he seeks to pursue in Case No. 21-2758, and for which he purportedly seeks to use the SCCC law library, are nonfrivolous. The Court granted leave to amend in Case No. 21-2758. (*Id.*) Rankins alleges no facts in the instant case demonstrating that the Individual Defendants hindered Rankins's effort to pursue his claims in Case No. 21-2758. He filed amended claims in that case on July 25, 2022. (Case No. 21-2758, ECF No. 13.) There are no factual allegations in the complaint from which to plausibly infer that Rankins suffered an actual injury from any denial of SCCC law library access. *See Rodgers*, 14 F. App'x at 409; *Thaddeus*, 175 F.3d at 394.

The Courts Access Claim is DISMISSED WITHOUT PREJUDICE because Rankins has failed to allege facts stating a claim to relief.

**IV.    The First Motion And The Second Motion**

The First Motion seeks "a [C]ourt order demanding the [SCDC] to give Rankins access to its law library and all supplies and books[,] typewriter[,] and printers as well as computers 7 days a week for 5 hours." (ECF No. 5 at PageID 21.) The Court construes the First Motion to seek a preliminary injunction.

The Second Motion seeks injunctive relief "to allow Rankins access to the law library, its printers, and tablets from 8:0 a.m. to 5:00 p.m. Monday thru Friday and from 8:00 a.m. to 9:00 p.m. Saturday and Sunday." (ECF No. 8 at PageID 33.)

Preliminary injunctions "are considered preventive, prohibitory, or protective measures taken pending resolution on the merits." *Lichtenstein v. Hargett*, 489 F. Supp. 3d 742, 751 (M.D. Tenn. 2020) (citing *Clemons v. Board of Educ.,* 228 F.2d 853, 856 (6th Cir. 1956)). Preliminary injunctions are governed by Rule 65(a) of the Federal Rules of Civil Procedure.[4]  In determining whether to grant a request for preliminary injunctive relief, the Court must consider: (1) whether a plaintiff has shown a strong or substantial likelihood or probability of success on the merits of the case; (2) whether a plaintiff will suffer irreparable injury if the injunction is not granted; (3) whether granting the injunction will cause potential harm to others; and (4) the impact of the injunction upon the public interest (the "Injunctive Relief Factors"). *McNeilly v. Land,* 684 F.3d 611, 615 (6th Cir. 2012); *Leary v. Daeschner,* 228 F.3d 729, 736 (6th Cir. 2000).  The Injunctive Relief Factors "do not establish a rigid and comprehensive test for determining the appropriateness of preliminary injunctive relief," *Frisch's Rest. Inc. v. Shoney's, Inc.,* 759 F.2d 1261, 1263 (6th Cir. 1984), nor is any one Factor controlling.  *Gonzales v. National Bd. of Med. Examiners,* 225 F.3d 620, 625 (6th Cir. 2000).

A preliminary injunction is an extraordinary remedy, and the party seeking the injunction bears the burden of justifying such relief.  *Granny Goose Foods, Inc. v. Teamsters,* 415 U.S. 423, 441 (1974).  The proof required to obtain a preliminary injunction is much more stringent than the proof required to survive a summary judgment motion.  *Leary,* 228 F.3d at 739.

---

[4] "The court may issue a preliminary injunction only on notice to the adverse party.  Before or after beginning the hearing on a motion for a preliminary injunction, the court may advance the trial on the merits and consolidate it with the hearing.  Even when consolidation is not ordered, evidence that is received on the motion and that would be admissible at trial becomes part of the trial record and need not be repeated at trial.  But the court must preserve any party's right to a jury trial." Fed. R. Civ. P. 65(a)(1)-(2).

8

Rankins has not satisfied the standard required for a preliminary injunction. At this stage of the proceedings, Rankins's likelihood of success on the Courts Access Claim is no greater than that of the Defendants' likelihood of success in defending against the Courts Access Claim. Rankins has also not shown that he will suffer irreparable harm if the requested injunctive relief is not granted. The balancing of harms required by the third Injunctive Relief Factor does not weigh significantly in favor of Rankins's requested injunctive relief. Rankins has not demonstrated that a public interest would be advanced by the requested relief. *See National Hockey League Players Ass'n v. Plymouth Whalers Hockey Club,* 372 F.3d 712, 720 n. 4 (6th Cir. 2003).

Absent extraordinary and urgently compelling reasons, District Courts do not intervene in the day-to-day operations of state correctional facilities, such as safety and security procedures for inmates in segregation. Rankins has not demonstrated those reasons. He filed three motions in this case in 2022 (ECF Nos. 4, 5 & 8), and an amended complaint in Case No. 21-2758, despite the alleged denial of access to the SCCC law library. Although the law is well settled that a prisoner has a First Amendment right of access to the courts, *see Bounds,* 430 U.S. at 821–823, meaningful access varies with the circumstances. Prison officials are accorded discretion in determining how that right is to be administered. *See Sanford v. Schofield*, No. 13-0023, 2015 WL 6755366, at *3 (W.D. Tenn. Nov. 4, 2015) (citing *Bounds,* 430 U.S. at 830–31). It is not enough for Rankins to allege only that he was denied access to the SCCC law library. Actual prejudice above and beyond the normal difficulties encountered by *pro se* and incarcerated litigants must be shown for constitutional concerns to be implicated. Rankins has not demonstrated that prejudice. *See Walker v. Mintzes,* 717 F.2d 920, 932 (6th Cir. 1985); *Kensu v. Haigh,* 87 F.3d 172, 175 (6th Cir. 1996); *see also Shabazz v. Schofield*, No. 15-1149, 2019 WL 1413762, at *2 (W.D. Tenn. Mar. 28, 2019) ("[The plaintiff] has failed to show that he will suffer any irreparable harm if an injunction does not issue. He has missed no deadlines in this case, and since the filing of the motion has filed multiple documents"); *Keel v. Ray*, No. 3:10-cv-0757, 2011 WL 3501688, at *3

(M.D. Tenn. Aug. 10, 2011) ("[D]espite the conduct about which the Plaintiff complains, he successfully has typed and filed a complaint, [two] motion[s], an affidavit, and a letter to the court").

A moving party has the burden of showing that the circumstances "clearly demand" a temporary restraining order or a preliminary injunction. *See Overstreet v. Lexington–Fayette Urban Cnty. Gov't,* 305 F.3d 566, 573 (6th Cir. 2002). Rankins has not met his burden. The First Motion (ECF No. 5) and the Second Motion (ECF No. 8) are DENIED. To the extent Rankins seeks particular terms of access to the SCCC's law library, Rankins must pursue relief by filing a grievance with the SCCC.

## V.     AMENDMENT UNDER THE PLRA

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *Lucas v. Chalk*, 785 F. App'x 288, 291 (6th Cir. 2019) (citing *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[W]e hold, like every other circuit to have reached the issue, that under Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA")); *see also Brown v. R.I.*, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded"). Leave to amend is not required where a deficiency cannot be cured. *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) ("This does not mean, of course, that every *sua sponte* dismissal entered without prior notice to the plaintiff automatically must be reversed. If it is crystal clear that ... amending the complaint would be futile, then a *sua sponte* dismissal may stand."); *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that *sua sponte* dismissal of a meritless complaint that cannot be salvaged

by amendment comports with due process and does not infringe the right of access to the courts").

The Court grants leave to amend the complaint under the conditions set forth below.

## VI.   CONCLUSION

For the reasons set forth above:

A.   The complaint (ECF No. 1) is DISMISSED WITHOUT PREJUDICE for failure to state a claim on which relief can be granted.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1)-(2).  Leave to amend is GRANTED.  Amended claims must be filed within twenty-one (21) days after the date of this Order.  An amended pleading must comply with the Federal Rules of Civil Procedure, including but not limited to Rule 8's requirement of a short and plain statement of Rankins's claims.  An amended complaint supersedes the original complaint and must be complete in itself without reference to the prior pleadings.  Rankins must sign the amended complaint, and the text of the amended complaint must allege sufficient facts to support each claim without reference to any extraneous document.  Any exhibits must be identified by number in the text of the amended complaint and must be attached to the complaint.  All claims alleged in an amended complaint must arise from the facts alleged in the original complaint.  Each claim for relief must be stated in a separate count and must identify each Defendant sued on that count.  If Rankins fails to file an amended complaint within the time specified, the Court will dismiss the case with prejudice and enter judgment.  The Court recommends that any such dismissal should be treated as a strike pursuant to 28 U.S.C. § 1915(g).  *See Simons v. Washington*, 996 F.3d 350, 353 (6th Cir. 2021).

B.   The First Motion (ECF No. 5) and the Second Motion (ECF No. 8) are DENIED, subject to Rankins' right to re-file the motions if the case proceeds.

IT IS SO ORDERED, this 23d day of March, 2023.

/s/ *Samuel H. Mays, Jr.*<br>
SAMUEL H. MAYS, JR.<br>
UNITED STATES DISTRICT JUDGE

11